UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SARONDA THOMAS,

                                               :    **COMPLAINT**
              Plaintiff,
                                               :    Plaintiff Demands
              -vs-                       A Jury on All
                                               :    Issues to be Tried

SECURITAS SECURITY SERVICES USA, INC.,
                                               :
              Defendant.
------------------------------------------------------------------------X

Plaintiff Saronda Thomas, by her undersigned attorneys, as and for her complaint against the defendant, alleges as follows:

1. This is an action for damages and other remedies for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*

2. Plaintiff worked for defendant as a security guard in Manhattan. Plaintiff's supervisor subjected her to discrimination and harassment based on her sexual orientation. Plaintiff filed a sex discrimination complaint with defendant's human resources department on March 10, 2016. Defendant terminated plaintiff's employment on March 16, 2016. The stated reason for plaintiff's termination was not the true reason, but was a pretext for discrimination and retaliation.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3) (Title VII). This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

5. Plaintiff SARONDA THOMAS was employed as a security guard by defendant Securitas Security Services USA, Inc. in the City and County of New York.

6. Defendant SECURITAS SECURITY SERVICES USA, INC. ("Securitas") is a corporation organized under the laws of the State of Delaware and is registered to do business in the State of New York. Upon information and belief, Securitas maintains a principal place of business in the State of California. Defendant Securitas was plaintiff's employer within the meaning of 42 U.S.C. § 2000e(b), N.Y. Executive Law § 292, and N.Y.C. Administrative Code § 8-102(5).

## Facts Relevant to All Claims

7. Plaintiff worked as a security guard for defendant Securitas Security Services USA, Inc. for more than five years.

8. Between February 2016 and March 16, 2016, plaintiff's supervisor was Joseph Desroisers.

9. Mr. Desroisers discriminated against and harassed plaintiff because of her sexual orientation.

10. Mr. Desroisers treated plaintiff differently than other employees, made unreasonable demands, subjected plaintiff to hostility and humiliation in front of clients and co-workers, ignored plaintiff, and refused to communicate with her.

11. Upon information and belief, Mr. Desroisers engaged in this conduct to undermine plaintiff's ability to do her job as a security guard. Nonetheless, plaintiff acted professionally at all times.

12. The discrimination and harassment took place at 1412 Broadway, New York, New York 10018.

13. On March 10, 2016, plaintiff filed a written complaint of sex discrimination with the Securitas human resources (HR) department. The complaint stated that plaintiff's supervisor, Mr. Desroisers, was discriminating against and harassing plaintiff because of her sexual orientation.

14. Securitas did not investigate plaintiff's complaint or take any action to stop the discrimination and harassment during the period between March 10, 2016 and March 16, 2016.

15. On March 14, 2016, a Securitas HR representative informed plaintiff that she was subject to immediate termination.

16. The Securitas HR representative alleged that plaintiff was caught sleeping on the job on February 26, 2016.

17. Plaintiff did not sleep on the job on February 26, 2016 or at any other time.

18. The allegation that plaintiff slept on the job was a pretext for threatening to terminate plaintiff's employment. The true reason for threatening to terminate plaintiff's employment was her complaint of sex discrimination against her supervisor.

19. On March 15, 2016, plaintiff filed a complaint of retaliation with the Securitas HR department.

20. Securitas terminated plaintiff's employment on March 16, 2016.

21. Plaintiff filed a charge of sex discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC) on August 10, 2016.

22. The EEOC issued a right to sue letter to plaintiff on October 26, 2016.

## FIRST CLAIM FOR RELIEF
## FOR DISCRIMINATION IN VIOLATION OF TITLE VII

23. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 22 above as if fully restated herein.

24. Defendant discriminated against plaintiff based on gender and sexual orientation by subjecting her to materially different terms and conditions of employment than other employees.

25. Defendant's conduct constitutes unlawful discrimination based on gender and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

26. The stated reasons for defendant's conduct were not the true reasons, but instead were pretext to hide defendant's discriminatory animus.

## SECOND CLAIM FOR RELIEF
## FOR RETALIATION IN VIOLATION OF TITLE VII

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 above as if fully restated herein.

28. Defendant's conduct constitutes retaliation against plaintiff for engaging in activities protected by Title VII.

29. The stated reasons for defendant's conduct were not the true reasons, but were pretext to hide defendant's retaliatory animus.

## THIRD CLAIM FOR RELIEF
## FOR DISCRIMINATION IN VIOLATION
## OF THE NEW YORK STATE HUMAN RIGHTS LAW

30. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 above as if fully restated herein.

31. Defendant's conduct constitutes discrimination based on gender and sexual orientation in violation of the New York State Human Rights Law.

32. The stated reasons for defendant's conduct were not the true reasons, but were pretext to hide defendant's discriminatory animus.

## FOURTH CLAIM FOR RELIEF
## FOR RETALIATION IN VIOLATION
## OF THE NEW YORK STATE HUMAN RIGHTS LAW

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 above as if fully restated herein.

34. Defendant's conduct constitutes retaliation against plaintiff for engaging in activities protected by the New York State Human Rights Law.

35.     The stated reasons for defendant's conduct were not the true reasons, but were pretext to hide defendant's retaliatory animus.

### FIFTH CLAIM FOR RELIEF
### FOR DISCRIMINATION IN VIOLATION
### OF THE NEW YORK CITY HUMAN RIGHTS LAW

36.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 35 above as if fully restated herein.

37.     Defendant's conduct constitutes discrimination based on gender and sexual orientation in violation of the New York City Human Rights Law.

38.     The stated reasons for defendant's conduct were not the true reasons, but were pretext to hide defendant's discriminatory animus.

### SIXTH CLAIM FOR RELIEF
### FOR RETALIATION IN VIOLATION
### OF THE NEW YORK CITY HUMAN RIGHTS LAW

39.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 above as if fully restated herein.

40.     Defendant's conduct constitutes retaliation against plaintiff for engaging in activities protected by the New York City Human Rights Law.

41.     The stated reasons for defendant's conduct were not the true reasons, but were pretext to hide defendant's retaliatory animus.

### Jury Demand

42.     Plaintiff is entitled to and demands a jury trial.

### Prayer for Relief

WHEREFORE, plaintiff Saronda Thomas requests judgment awarding: compensatory and punitive damages in amounts to be determined at trial; reasonable

attorneys' fees and the costs of this action as authorized by 42 U.S.C. § 2000e-5(k), N.Y. Exec. Law § 297.10, and N.Y.C. Admin. Code § 8-502; an injunction prohibiting defendant from discriminating or retaliating against plaintiff in the future; and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 8, 2016

THE HOWLEY LAW FIRM P.C.

By: _____
    John Howley [JH9764]
Attorneys for Plaintiff
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2728